IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


RANDALL G. SHARP,

                    Plaintiff,

vs.                                    Case No. 09-1405-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                    Defendant.


MEMORANDUM AND ORDER

Plaintiff appealed the final decision of the Commissioner that denied him disability insurance benefits and supplemental security income (Doc. 1).  On March 24, 2011, the Court reversed the Commissioner's decision and remanded the case for further proceedings (Doc. 24).  On July 1, 2011, the Court awarded plaintiff $7,500.00 in attorney fees under the Equal Access to Justice Act (EAJA) (Doc. 27).

On January 24, 2013, defendant found plaintiff disabled as of March 16, 2002 (Doc. 29-1 at 1-3, 5).  On December 31, 2013, defendant indicated in a "Notice of Award" that plaintiff would be entitled to benefits beginning January 2003 (Doc. 29-1 at 12-21).  On January 27, 2014, plaintiff filed a request for reconsideration of the December 31, 2013 decision (Doc. 36-3). On August 23, 2014 defendant issued a new decision modifying the

1

amount that would be paid ("Notice of Change in Benefits') (Doc.
29-1 at 22).  The amount being withheld in order to pay
attorney's fees was also modified (Doc. 29-1 at 17, 22).

Defendant filed a response with a number of objections to
the motion (Doc. 29).  Defendant argues that plaintiff's counsel
has not consulted with opposing counsel or filed a statement of
consultation as required by D. Kan. Rule 54.2.  Plaintiff's
reply brief incorporates a statement of consultation which took
place between counsel on December 5 and 9, 2014, in which
defendant maintained the position that defendant cannot agree
that attorney fees are warranted because the petition for fees
is untimely (Doc. 36 at 1-2).

Defendant argues that the motion is untimely.  Although the
Notice of Award is dated December 31, 2013, plaintiff filed a
request for reconsideration of that decision, arguing that the
calculations were incorrect (Doc. 36-3).  On August 23, 2014,
defendant issued a Notice of Change in Benefits, which also
modified the amount being withheld in order to pay for attorney
fees (Doc. 29-1 at 22).  Plaintiff's counsel filed his motion
for attorney fees on October 17, 2014 (Doc. 28), or 55 days
after the defendant's Notice of Change in Benefits, which was
issued after plaintiff filed a request for reconsideration of
the decision of December 31, 2013.  The court finds that
plaintiff's counsel would not need to file a motion for attorney

fees until defendant issued a final decision resolving any appeals or motions for reconsideration at the agency level.

The question is whether a motion for attorney's fees within 55 days of the defendant's final decision is timely.  Counsel may seek § 406(b)(1) fees under the authority of Fed.R.Civ.P. 60(b)(6).  A motion for an award of fees under § 406(b)(1) should be filed within a "reasonable time" of the Commissioner's decision awarding benefits.  McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006).  In Schmidt v. Colvin, Case No. 11-2372-SAC (D. Kan. May 28, 2014), the court considered the case of Garland v. Astrue, 492 Fed. Supp.2d 216, 217 (E.D. N.Y. 2007), when determining what constituted a reasonable time.

In determining what is a reasonable time period for submitting a § 406(b)(1) motion, the court in Garland examined the applicable time limits for similar applications. Applications pursuant to Rule 54(d) must be submitted within 14 days of the entry of final judgment.  EAJA requires that fee applications be filed within 30 days after the expiration of the time for appealing a judgment, or a total of 90 days after entry of judgment.  Applications to the Commissioner for an award of attorney fees must be filed within 60 days of the date the notice of the favorable determination is mailed.

Plaintiff's motion was filed within 55 days of the final decision of the defendant.  The court finds that this falls

within the time limits for similar applications as set forth
above.  For this reason, the court holds that the filing of the
motion for attorney fees was filed within a reasonable time of
the final decision of the Commissioner.

    Defendant also argues that plaintiff's counsel did not
provide documentation of a fee agreement.  Plaintiff's counsel
has now provided the fee agreement with his client (Doc. 36-1).
Defendant also noted in her brief that plaintiff's counsel
submitted a fee agreement to the agency, but it was disapproved
by the agency on December 13, 2013 (Doc. 29-1 at 25-26).
However, plaintiff's counsel subsequently filed a fee petition,
at the invitation of the agency (Doc. 29-1 at 26), and the ALJ
approved an attorney's fee of $8,000 on December 10, 2014 for
administrative representation (Doc. 36-2).  In summary, the
court finds that plaintiff has complied with D. Kan. Rule 54.2,
the motion is timely, and the motion is supported with proper
documentation.

    The fee agreement states that, in exchange for counsel's
representation in plaintiff's case, plaintiff agreed to pay her
attorney, David Gray, 25% of all past due benefits (Doc. 36-1).
Mr. Gray initially sought a § 406(b) attorney fees of
$22,198.75, or 25% of past due benefits (Doc. 28, 28-1).
Counsel indicated that he spent a total of 54.9 hours on the
civil litigation.  The fee request thus represents an effective

hourly rate of $404.35.  However, in his reply brief,
plaintiff's counsel asked that his fees be reduced by $8,000
because the ALJ approved that amount for administrative
representation (Doc. 36 at 6).  Thus, plaintiff only seeks
$14,198.75, which represents an hourly rate of $258.63.

   In the case of Vaughn v. Astrue, Case No. 06-2213-KHV, 2008
WL 4307870 at *2 (D. Kan. Sept. 19, 2008), the court found that
$344.73 was a reasonable hourly fee.  In Smith v. Astrue, Case
No. 04-2197-CM, 2008 WL 833490 at *3 (D. Kan. March 26, 2008),
the court approved an hourly fee of $389.61.  See Robbins v.
Barnhart, Case No. 04-1174-MLB, 2007 WL 675654 at *2 (D. Kan.
Feb. 28, 2007)(In his brief, the Commissioner noted that, in
interpreting Gisbrecht, courts have found reasonable fee amounts
ranging from $338.29 to $606.79 per hour).  The requested hourly
fee by counsel is actually below the range of the hourly fees
approved in the above cases.  The court therefore finds that a
§ 406(b) fee of $14,198.75, which represents an hourly fee of
$258.63 (for 54.9 hours) is a reasonable fee in this case.

   IT IS THEREFORE ORDERED that the motion by plaintiff's
attorney for an award of attorney fees under 42 U.S.C. § 406(b)
(Doc. 28) is granted.  Plaintiff's attorney, David Gray, is
entitled to $14,198.75 in fees under 42 U.S.C. § 406(b).  The
Commissioner shall pay the fees from the amount which she is
withholding from plaintiff's past due benefits.

IT IS FURTHER ORDERED that plaintiff's counsel, David Gray, shall refund to plaintiff $7,500.00, which he received as fees under the EAJA after plaintiff's attorney receives his $14,198.75 in attorney's fees from the Commissioner.

Dated this 13th day of January 2015, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge